WO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Haggerty and Miriam Haggerty, husband and wife,<br><br>        Plaintiffs,<br><br>vs.<br><br><br>The City of Tucson, a municipal corporation; Officer D. Contreras (Badge No. 45456), in his official capacity as officer and employee of the City of Tucson Police Department; John Does 1-10, fictitious individual defendants; Jane Does 1-10, individual defendants,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. CIV-04-541 TUC JMR

**ORDER**

        Pending before this Court are the parties cross-motions for summary judgment.  For the reasons discussed below, this case is dismissed for lack of jurisdiction.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      *Factual history*

        On September 26, 2003, at 10:00 p.m., Defendant Contreras, a Tucson police officer, was dispatched to a property owned by Plaintiffs in a response to a loud party call.  At that time the property was rented to Shannon Harrison who was throwing a party for her daughter.  Plaintiffs were not present at the party.  Contreras reported the party as "disorderly

conduct" and "disturbing the peace."  He noted that 42 people were observed and that some were in the front yard and on the west side of the house.  He also reported two vehicles parked facing eastbound on the westbound side of the street.  Pursuant to Tucson's "Red-Tag" ordinance, TC § 16-32(C)(4)(a), Contreras posted a notice on the front window of the property.  The notice indicated that an unruly gathering had occurred on the property and, according to the ordinance, was to remain posted for 180 days.  Any removal or tampering with the notice within the 180-day time frame would result in further penalties.  Contreras did not issue any other citations.  If another violation occurred within the 180-day period, the owner of the property would be liable for a penalty of $500 (third and fourth violations carry a penalty of $1,000 and $1,500 respectively).

Plaintiffs were sent notice of the red-tag posting via mail.  The ordinance allows an owner or tenant to contest the posting within 15 days of the mailing of the notice.  Harrison contested the posting, which was upheld in the Tucson City Court on October 21, 2003. Plaintiffs never contested the posting.  The ordinance also allows the owner to petition the court for removal of the notice on a showing that the owner has taken remedial actions, such as evicting the tenant responsible for the infraction.  There is no evidence that Plaintiffs took any remedial action or petitioned for removal of the notice.  The 180-day period expired in March 2004.  Plaintiffs were not penalized for any red-tag violations during the period.

*B. Procedural history*

Plaintiffs filed their complaint in the Arizona Superior Court on September 16, 2004. Plaintiffs ask the Court for a declaratory judgment finding that the red-tag ordinance is

unconstitutional because it violates their rights under the Due Process Clause of the 14th Amendments of the United States and Arizona constitutions, is unconstitutionally vague, and serves as an impermissible land use/zoning regulation. Plaintiffs seek only declaratory relief and costs and fees. They have not asked for damages. Defendants removed to this Court on October 8, 2004. Plaintiffs filed their motion for summary judgment on July 13, 2005, and Defendants responded on August 15, 2005. Defendants filed their motion for summary judgment on July 18, 2005. Plaintiffs filed neither a reply to Defendants' response nor a response to Defendants' motion.

Plaintiffs argue that: (1) although the red-tag notice had been removed by the time of the filing of this suit, a live controversy remains because the challenged action falls within the "capable of repetition, yet evading review" exception to mootness, (2) the posting of the tag before the notice to the owners deprived them of their opportunity to be heard, (3) the ordinance is vague and enforcement is arbitrary, and (4) the ordinance is an impermissible property restriction that discourages Plaintiffs from renting their property to university students.

Defendants argue that: (1) Plaintiffs' complaint is moot because the Court cannot provide any relief to Plaintiffs, (2) Plaintiffs were not deprived of a constitutionally protected interest, (3) the ordinance provides sufficient due process even if a constitutionally protected interest were implicated, (4) Plaintiffs have waived any due process claims by not pursuing administrative procedures, (5) the ordinance is not vague, and (6) the ordinance does not act as a zoning restriction.

## II.    DISCUSSION

Those "who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). To satisfy this requirement, Plaintiffs must show:

> (1) [they have] suffered an injury in fact that is concrete and particularized and is actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that *the injury will be redressed by a favorable decision.*

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs (TOC)., Inc.,* 528 U.S. 167, 180-1 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-1 (1992)) (emphasis added).

It is the third requirement that Plaintiffs fail to show. Plaintiffs seek declaratory relief only. However, at the time of the filing of their complaint, the 180-day posting period had passed. Therefore, a declaratory judgment by this Court could provide no relief for any injury involving that citation. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 496-7 (1974). While Plaintiffs do allege some possible economic harm from the posting, they have not asked for damages for this harm and offer no evidence of it. Furthermore, they do not show how a declaratory judgment will redress their alleged economic harm.

Plaintiffs allegation that they may be subject to another posting under the ordinance some time in the future does not establish standing. Speculation as to a possible harm is

insufficient to satisfy the requirement. *See Lyons*, 461 U.S. at 105 (noting that while the use of an illegal choke-hold on the plaintiff may afford him standing to bring a suit for damages against individual officers, it did not establish a concrete possibility that he would suffer the same injury again); *Ashcroft v. Mattis*, 431 U.S. 171, 172-3 n.2 (1977).

Plaintiffs' mootness argument evidences their lack of standing. They argue that their case is not moot because the challenged action is one "capable of repetition yet evading review" because the 180-day period is too short to allow full litigation of the issues. However, as noted above, Plaintiffs failed to initiate litigation during the 180-day period. "[I]f a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum." *Friends of the Earth*, 528 U.S. at 170 (noting that while the Court held in *Olmstead v. L.C.*, 527 U.S. 581 (1999), that a mentally disabled person had standing to challenge her confinement in a segregated institution despite her postcomplaint transfer, "she would have lacked initial standing had she filed the complaint after the transfer.") *See also Renne v. Geary*, 501 U.S. 312, 320 (1991) ("the mootness exception for disputes capable of repetition yet evading review . . . will not revive a dispute which became moot before the action commenced.").

## III.   CONCLUSION

Because Plaintiffs seek declaratory relief for an injury that had ceased to exist at the time of their complaint, they lack standing to challenge the red-tag ordinance.

Accordingly,

**IT IS ORDERED** that this case is **DISMISSED FOR A LACK OF JURISDICTION**.

DATED this 21st day of February, 2006.

_____
John M. Roll
United States District Judge